

U.S. Department of Justice

Tax Division

*Trial Attorney: Anderson P. Heston*  Civil Trial Section, Northern Region
*Attorney's Direct Line: 202-307-6010*  P.O. Box 55
*Fax No. 202-514-5238*  Washington, D.C.  20044
anderson.p.heston@usdoj.gov

DAH:DMK:APHeston
DJ 5-57-18788
CMN 2023100692

October 12, 2023

*Sent by email to Juliana.Hunter@skadden.com*

Juliana Hunter
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002-5026

      Re:    *United States v. Eaton Corporation*, Case No. 1:23-mc-37 (N.D. Ohio)

Dear Ms. Hunter:

      Thank you for your letter of October 10, which I have discussed with the IRS. I hope in this response to communicate some of the IRS's views of the positions you expressed, as well as some of my own.

      Your involvement in the examination of Eaton Corporation predates mine and extends much deeper. But from my discussions with the IRS, my understanding is that, until your recent letter, Eaton had not made any written proposal to the IRS similar to those outlined in the three bullet points on page 2 of your letter, which you describe as possible alternatives to production of the requested employee evaluations. Nor could any of the audit team recall Eaton ever orally suggesting anything like the "sneak peek" proposal you described (acknowledging of course that this has been a wide-ranging inquiry and it is conceivable such a message was lost in translation). Insofar as your letter suggests that the IRS has categorically refused to entertain any alternatives to production of the evaluations at issue, that is inaccurate. The IRS has informed me as well that Eaton has refused several requests that in the IRS's view are customary in matters of this nature, such as a site visit to Eaton's Irish facility and on-site interviews with personnel there.

      Likewise, your letter was the first time you have attempted to articulate in writing the so-called "qualitative" standard for potential redaction of the employee evaluations (*i.e.*, redacting out whether an employee did a good or bad job on a project in addition to the core medical/family type information that I believe both sides agree might be properly redacted). As we have discussed, the IRS is concerned, reasonably in my view, that this standard is not readily administrable. The IRS has also expressed to me that it may obscure important information: for example, if poor performers are all warehoused in one entity, that information might be relevant

17966813.1

to the underlying transfer pricing issues. (Just to be clear, it is not my intention to accuse you of misrepresenting our discussions; I only wish to clarify that your letter could be construed as suggesting a degree of concreteness to our discussions that I have not perceived from my end.)

On the merits, I believe we have a strong argument that the current summons enforcement context does not present the same types of concerns that have made courts reluctant to order production of personnel information in a traditional civil litigation context. The IRS, unlike any other litigant, is bound by strict restrictions on the disclosure of information. 26 U.S.C. § 6103.

I also believe that *United States v. Eaton Corp.*, Nos. 12 MC 24-27, 2012 WL 3486910 (N.D. Ohio Aug. 15, 2012) ("*Eaton I*"), is readily distinguishable. For one thing, *Eaton I* predates other controlling authorities, such as *United States v. Clarke*, 573 U.S. 248 (2014) and *Byers v. United States Internal Revenue Serv.*, 963 F.3d 548 (6th Cir. 2020), that emphasize the breadth of the IRS's investigative powers.

I also disagree with your statement that one of the grounds on which I expressed my view that *Eaton I* is distinguishable was "factually incorrect." Instead, I would characterize your description of *Eaton I* as being technically accurate but nonetheless incomplete. It is true that in *Eaton I*, the court denied one of the summons at issue—which sought evaluations for one former Eaton employee, John Semanchik, for the years under audit (2005 and 2006) and other years as well—in its entirety. But the Court noted in its opinion that the IRS had already received Mr. Semanchik's performance evaluations for the 2005 and 2006 years that were under audit from Mr. Semanchik himself. *See id.* at *13 ("Eaton notes that, 'at the same time Mr. Semanchik produced his 2005 through 2008 performance evaluations. . . .'"). One of the reasons cited by the court for denying the summons is that the IRS had not identified any pertinent information from the evaluations it had already received. *Id.* at *14 ("Significantly, the IRS does not dispute Eaton's assertion in its opposition brief that the IRS has failed to identify any relevant information obtained from the IRS's review of other performance evaluations for Mr. Semanchik."). And the Court's conclusion explicitly addresses only the out-of-audit years, even though the Court denied the summons in full. *Id.* ("The summonsed performance evaluations of Mr. Semanchik for the years 2001 through 2004 have not been shown to be relevant to a legitimate purpose.").

Here, unlike *Eaton I*, the IRS has not received any of the evaluations requested by the summons from an independent source. And unlike *Eaton I*, the IRS summons seeks only evaluations from the years under audit. I believe *Eaton I* is distinguishable, and I think the Court will agree.

As a civil litigator, I also appreciate the IRS's concern that employee interviews on their own may not be an adequate substitute for contemporaneous documentation of employee roles and responsibilities. There are good reasons why, in almost any civil case, document discovery precedes deposition practice. Obtaining the employee evaluations will help the IRS make more informed choices about which of the employees at issue to interview, if any, and to help the IRS prepare more effectively for those interviews.

17966813.1

- 3 -

With all that said, I will construe your letter as expressing your interest in negotiating a resolution to this matter. I would also expect you to agree that any kind of negotiated resolution would require some agreement on what might be appropriately redacted from the employee evaluations. (Candidly, the IRS has expressed to me a concern that Eaton has in other contexts used too heavy a hand in its application of redactions, and so we would welcome the Court's supervision of the process.)

For that reason, my suggestion (subject to the Court's approval) would be to treat our November 6 hearing with Judge Greenberg as something more akin to a settlement conference, with both parties reserving their rights to file post-conference briefs if no adequate agreement is reached. I would suggest a few of the following procedures:

1. In lieu of the current briefing schedule, both sides would file short (under three-page) letter briefs outlining their positions on the core dispute on or around November 1.

2. The hearing will be attended by counsel, with party representatives available by phone.

3. At the hearing, Eaton will produce to the Court for *in camera* review by Judge Greenberg and the Department of Justice all of the evaluations at issue with whatever proposed redactions that Eaton believes are necessary to protect its employees' privacy in grey text, *i.e.*, meaning that the underlying text will be reviewable by the Court and both parties. I will agree not to communicate any specific information from those evaluations to the IRS absent permission from the Court or Eaton. Based on that review, the parties can assess whether there might be a mutually agreeable redaction standard that would guide production of those documents. The Court would retain jurisdiction to resolve any redaction-related disputes.

4. If the parties are unable to reach an agreement on November 6, Eaton may file its opposition to the petition on November 13, and the government will file its reply on November 20. The Court can then issue a decision on the papers or schedule a subsequent hearing if the Court decides it would be helpful.

I believe this procedure would help advance the dispute and would also help the Court understand both parties' positions, more so than simply filing pre-hearing briefs and proceeding to the November 6 hearing. If you are interested in this proposal, please let me know by close of business on October 17 so that we can make the necessary arrangements with the Court.

        Sincerely,

        */s/ Anderson P. Heston*
        ANDERSON P. HESTON
        Trial Attorney
        Civil Trial Section, Northern Region

17966813.1