**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-mc-00037-JG |
| Petitioner, | Hon. James S. Gwin, U.S.D.J. |
| v. | Hon. Jonathan D. Greenberg, U.S.M.J. |
| EATON CORPORATION, | |
| Respondent. | |

<u>**RESPONDENT'S MOTION FOR ADMINISTRATIVE STAY PENDING THE SIXTH**</u>
<u>**CIRCUIT'S RESOLUTION OF A MOTION FOR STAY PENDING APPEAL**</u>

In light of the Court's May 16, 2024, Opinion and Order [ECF No. 22] and Judgment [ECF No. 23], and in light of the Court's August 19, 2024, Opinion and Order [ECF No. 39] ("Order"), denying Respondent Eaton Corporation's ("Eaton") Motion to Alter or Amend [ECF No. 32] and denying a stay pending appeal, Eaton intends to appeal to the Sixth Circuit and to promptly ask the Sixth Circuit for a stay pending appeal. *See* Fed. R. App. P. 8. Accordingly, Eaton respectfully asks the Court for an administrative stay—interim relief, described below, that Eaton has not yet had an opportunity to request, *see* ECF No. 39 at 12-13—pending the Sixth Circuit's resolution of a forthcoming motion for a stay pending appeal. As explained below, an administrative stay is necessary to allow the parties to brief, and the Sixth Circuit to resolve, whether the Sixth Circuit should stay this Court's orders pending appeal, before the September 18, 2024, deadline for disclosing employee performance evaluations.

"[A]n administrative stay is supposed to be a short-lived prelude to the main event: a ruling on the motion for a stay pending appeal.… An administrative stay should last no longer than

necessary to make an intelligent decision on the motion for a stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring in denial of applications to vacate stay). Sixth Circuit precedent makes clear that courts have authority to enter administrative stays to provide time to consider stay motions. *See, e.g.*, *Tennessee Conference of the NAACP v. Lee*, 105 F.4th 888, 895 (6th Cir. 2024) (granting an administrative stay to give the court "time to consider" the stay motion); *Antonio v. Garland*, 38 F.4th 524, 525 (6th Cir. 2022) (same).

Here, Eaton intends to appeal this Court's ruling to the Sixth Circuit and to promptly move the Sixth Circuit by August 30, 2024, for a stay pending appeal. An administrative stay is necessary to allow the parties time to brief, and the Sixth Circuit time to rule on, Eaton's stay request before the September 18, 2024, deadline for disclosure of the employee performance evaluations, and Federal Rule of Appellate Procedure 8(a)(1) requires Eaton to ask this Court first for that relief. *See* Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal."); *id.* R. 8(a)(2)(A)(ii) (party moving court of appeals must "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action"). Eaton now moves the Court for an administrative stay of this Court's orders until the Sixth Circuit resolves Eaton's forthcoming motion for a stay pending appeal, to be filed by August 30, 2024.

Although this Court has already denied a stay pending appeal, "[a]dministrative stays do not typically reflect the court's consideration of the merits of the stay application. Rather, they 'freeze legal proceedings until the court can rule on a party's request for expedited relief.'" *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring in denial of applications to vacate stay). Accordingly,

Eaton respectfully submits that the Court should administratively stay the orders so that the Sixth Circuit has time to rule on Eaton's forthcoming stay motion before the current deadline for disclosure.

Undersigned counsel conferred with counsel for Petitioner. Petitioner does not consent to the grant of an administrative stay.

WHEREFORE, Eaton respectfully requests that the Court grant this motion.

Respectfully submitted this 19th day of August 2024.

                                            */s/ Juliana D. Hunter*
Nadiya F. Beckwith-Stanley                  Juliana D. Hunter
Garrett L. Brodeur                          Skadden, Arps, Slate, Meagher & Flom LLP
Skadden, Arps, Slate, Meagher & Flom LLP    1000 Louisiana Street, Suite 6800
1440 New York Avenue, NW                    Houston, TX 77002-5026
Washington, DC 20005                        Telephone: (713) 655-5119
Telephone: (202) 371-7000                   Fax: (713) 483-9119
Fax: (202) 393-5760                         juliana.hunter@skadden.com
nadiya.beckwith-stanley@skadden.com
garrett.brodeur@skadden.com                 *Attorneys for Respondent, Eaton Corporation*